IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CELANESE CORPORATION,<br><br>Plaintiff,<br><br>V.<br><br>CLARIANT CORPORATION and CLARIANT AG.,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | No. 3:14-cv-4165-M |

**MEMORANDUM OPINION AND ORDER**[1]

Defendant Clariant Corporation ("Defendant" or "Clariant") has filed a Motion to Compel [Dkt. No. 40], seeking an order compelling Plaintiff Celanese Corporation ("Plaintiff" or "Celanese") to produce internal documents and communications with its outside counsel discussing or analyzing settlement or resolution of five related toxic tort lawsuits filed in New Jersey (the "Courtaulds Cases") and one lawsuit arising out of environmental contamination at a site near Selby, California (the "Selby Site Litigation"), which documents Celanese has withheld from production in response to Clariant's Request for Production ("RFP") No. 25 on the basis of attorney-client privilege and attorney work product protection. Those documents are reflected as

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

Entry Nos. 37, 171, 172, 173, 174, 175, 190, 270, 271, 272, 273, and 274 on Celanese's final privilege log. *See* Dkt. No. 42 at App. 66-106.

United States District Judge Barbara M.G. Lynn has referred the motion to the undersigned United States magistrate judge for determination. *See* Dkt. No. 44. Plaintiff responded, *see* Dkt. No. 49, and Clariant filed a reply, *see* Dkt. No. 51.

The Court heard oral argument on Clariant's Motion to Compel on December 2, 2015. *See* Dkt. No. 52.

For the reasons and to the extent explained below, the Court DENIES Clariant's Motion to Compel [Dkt. No. 40] without prejudice.

**Legal Standards**

Federal Rule of Civil Procedure 37 governs motions to compel discovery responses. Rule 37 provides that a party seeking discovery may move for an order compelling production against another party when the latter has failed to produce documents requested under Federal Rule of Civil Procedure 34 or to answer an interrogatory under Federal Rule of Civil Procedure 33. *See* FED. R. CIV. P. 37(a)(3)(B). For purposes of Rule 37(a), "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." FED. R. CIV. P. 37(a)(4). The party resisting discovery must show specifically how each request is not relevant or otherwise objectionable. *See McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990). A party resisting discovery must show how the requested discovery was overly broad, burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden. *See Merrill v. Waffle*

*House, Inc.*, 227 F.R.D. 475, 477 (N.D. Tex. 2005); *see also S.E.C. v. Brady*, 238 F.R.D. 429, 437 (N.D. Tex. 2006) ("A party asserting undue burden typically must present an affidavit or other evidentiary proof of the time or expense involved in responding to the discovery request."). And the "party asserting a privilege exemption from discovery" – here, Celanese – "bears the burden of demonstrating its applicability" as to each document. *In re Santa Fe Int'l Corp.*, 272 F.3d 705, 710 (5th Cir. 2001); *accord Navigant Consulting, Inc. v. Wilkinson*, 220 F.R.D. 467, 473 (N.D. Tex. 2004). A general allegation of privilege is insufficient to meet this burden. *See Navigant*, 220 F.R.D. at 473. Instead, the proponent must provide sufficient facts by way of detailed affidavits or other evidence to enable the Court to determine whether the privilege exists or work-product protection applies as to a specific document or communication. *See id.* Although a privilege log and, in certain instances, an *in camera* review of documents may assist the Court in conducting its analysis, a party asserting a privilege or work-product protection still must provide "a detailed description of the materials in dispute and state specific and precise reasons for their claim of protection from disclosure." *Id.* at 473-74.

The parties agree that Texas law governs the attorney-client privilege assertions in this diversity case, even in the face of a choice-of-law clause selecting North Carolina law in the contracts giving rise to the indemnity obligations that Celanese invokes as the basis for its claims against Clariant. The Court has previously explained the standards governing Celanese's claim of attorney-client privilege in this diversity case:

> This Court sitting in this diversity case applies the Texas attorney-client privilege. Under Texas law, the elements of the attorney-client privilege are: (1) a confidential communication; (2) made for the purpose of facilitating the rendition of professional legal services; (3) between or amongst the client, lawyer, and their representatives; and (4) the privilege has not been waived. The burden is on the party asserting the privilege to demonstrate how each document satisfies these elements. A general allegation of privilege is insufficient to meet this burden. Instead, the proponent must provide sufficient facts by way of detailed affidavits or other evidence to enable the court to determine whether the privilege exists. Although a privilege log and an *in camera* review of documents may assist the court in conducting its analysis, a party asserting the privilege still must provide "a detailed description of the materials in dispute and state specific and precise reasons for their claim of protection from disclosure." In fact, "resort to *in camera* review is appropriate only *after* the burdened party has submitted detailed affidavits and other evidence to the extent possible."

*Curlee v. United Parcel Serv., Inc. (Ohio)*, No. 3:13-cv-344-P, 2014 WL 4262036, at *4 (N.D. Tex. Aug. 29, 2014) (citations omitted). The Texas Supreme Court has recognized that privileges "represent society's desire to protect certain relationships, and an offensive use waiver of a privilege should not lightly be found." *Republic Ins. Co. v. Davis,* 856 S.W.2d 158, 163 (Tex. 1983). To determine whether a party has waived a privilege by using it offensively, the Court must consider three factors: (1) whether the party asserting the privilege is seeking affirmative relief; (2) whether the party is using the privilege to protect outcome determinative information; and (3) whether the protected information is not otherwise available to the defendant. *See id.*

Likewise, the following standards govern Plaintiff's assertion of work-product protection over certain documents:

> [T]he issue of whether documents are exempt from discovery under the attorney work product doctrine is governed by federal law in diversity cases because work product is not a substantive privilege within the meaning of Federal Rule of Civil Procedure 501. The federal work product doctrine, as codified by Federal Rule of Civil Procedure 26(b)(3), provides for the qualified protection of documents and tangible things prepared by or for a party or that party's representative "in anticipation of litigation or for trial." A document need not be generated in the course of an ongoing lawsuit in order to qualify for work product protection. But "the primary motivating purpose" behind the creation of the document must be to aid in possible future litigation. As the advisory committee notes to Rule 26(b)(3) make clear, "[m]aterials assembled in the ordinary course of business, or pursuant to public requirements unrelated to litigation, or for other nonlitigation purposes are not under the qualified immunity provided by this subdivision."
>
> Among the factors relevant to determining the primary motivation for creating a document are "'the retention of counsel and his involvement in the generation of the document and whether it was a routine practice to prepare that type of document or whether the document was instead prepared in response to a particular circumstance.'" If the document would have been created without regard to whether litigation was expected to ensue, it was made in the ordinary course of business and not in anticipation of litigation.
>
> Like all privileges, the work product doctrine must be strictly construed. The burden is on the party who seeks work product protection to show that the materials at issue were prepared by its representative in anticipation of litigation or for trial. A general allegation of work product protection is insufficient to meet this burden. Instead, "'a clear showing must be made which sets forth the items or categories objected to and the reasons for that objection.'" The proponent must provide sufficient facts by way of detailed affidavits or other evidence to enable the court to determine whether the documents constitute work product. Although a privilege log and an *in camera* review of documents may assist the court in conducting its analysis, a party asserting the work product exemption still must provide "a detailed description of the materials in dispute and state specific and precise reasons for their claim of protection from disclosure." In fact, "'resort to *in camera* review is appropriate only *after* the burdened party has submitted detailed affidavits and other evidence to the extent possible.'"

*Orchestrate HR, Inc. v. Trombetta*, No. 3:13-cv-2110-P, 2014 WL 884742, at *2 (N.D. Tex. Feb. 27, 2014) (citations omitted).

"If a party meets its burden and proves that the materials sought warrant work product protection, the party seeking discovery must prove why those materials should still be produced." *Brady*, 238 F.R.D. at 443. Rule 26(b)(3) instructs the court to "protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation." FED. R. CIV. P. 26(b)(3). A party may only obtain discovery of documents prepared in anticipation of litigation or for trial upon showing that the party seeking discovery has (1) substantial need of the materials to prepare for his or her case and (2) that the party cannot obtain the substantial equivalent of the materials by other means without undue hardship. *See id.* And the work-product rule accords "special protection to work-product revealing the attorney's mental processes." *Upjohn Co. v. United States*, 449 U.S. 383, 400 (1981). As such, "if the materials sought are opinion work-product then a court may compel discovery only if the party seeking the materials demonstrates a compelling need for the information." *Brady*, 238 F.R.D. at 443; *accord S.E.C. v. Cuban*, No. 3:08-cv-2050-D, 2012 WL 456532, at *2 & n.3 (N.D. Tex. Feb. 10, 2012). And, "[u]nlike the attorney-client privilege, the burden of proving waiver of work product immunity falls on the party asserting waiver." *Brady*, 238 F.R.D. at 444.

**Analysis**

As the relief sought by its Motion to Compel, Clariant requests that the Court enter an order compelling Celanese to submit evidence supporting its claims of privilege and produce all documents responsive to its RFP Nos. 23, 24, and 25. *See* Dkt. No. 40 at 2; Dkt. No. 41 at 12; Dkt. No. 51 at 8. At oral argument, Celanese's counsel

confirmed that all documents responsive to RFP Nos. 23, and 24 have been produced. The Court ordered Celanese to file a supplemental response to provide that information as to RFP No. 25, which Celanese has now done and as to which Clariant filed a supplemental reply. *See* Dkt. Nos. 53, 54, & 56.

After reviewing the supplemental filings, the Court concludes that Celanese has established, through the Declaration of John A. King [Dkt. No. 54-1], that the 12 documents at issue, as listed above, are covered by attorney-client privilege and/or work-product protection. *See* Dkt. No. 54; *see also* Dkt. No. 56 at 1-2 (conceding the Declaration of John A. King "appears to establish that the documents are privileged"). Accordingly, Clariant must establish that the protected information or its substantial equivalent is not otherwise available to it by a less instrusive means without undue hardship.

The Court finds that, although Clariant insists in its supplemental reply that Mr. King's declaration John demonstrates why the documents are outcome determinative, *see* Dkt. No. 56 at 1-3, Clariant has not made the required showing to justify ordering Celanese to, at this stage, produce these privileged communications and attorney work product. Regardless of whether North Carolina or Texas law applies to Celanese's claim in this case, to establish the reasonableness of the defense costs that Celanese incurred in the Courtaulds Cases and the Selby Site Litigation, Clariant made clear at oral argument that it primarily wants access to these documents to determine if additional settlement offers or demands were made to Celanese in those cases that might not be reflected in documents already produced, whether Celanese

accepted or rejected those demands, and, if any demand was rejected, why Celanese rejected it. As the Court discussed with counsel at oral argument, that information can best be obtained in the first instance by an interrogatory to Celanese asking for precisely that information, which, subject to any proper objections, *see generally Heller v. City of Dallas*, 303 F.R.D. 466 (N.D. Tex. 2014), Celanese would be obligated to pull together into a verified answer by reviewing all sources of responsive information reasonably available to it (including these documents at issue on this motion), and as to which Clariant could then, if appropriate, take a follow-on deposition.

**Conclusion**

Accordingly, the Court DENIES Clariant's Motion to Compel [Dkt. No. 40] without prejudice to Clariant's renewing its request to compel production of these documents on an appropriate showing after pursuing the information that it seeks by other, appropriate means, including as discussed above. The Court further hereby issues a protective order under which Celanese need not produce these 12 withheld documents in response to Clariant's Request for Production No. 25 absent further order of the Court. And, under Federal Rule of Civil Procedure 37(a)(5), the Court determines that each party will bear its own costs in connection with Clariant's Motion to Compel.

SO ORDERED.

DATED: December 21, 2015

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE