IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CELANESE CORPORATION, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:14-cv-4165-M |
| | § | |
| CLARIANT CORPORATION and CLARIANT AG., | § | |
| | § | |
| Defendants. | § | |

_____

| | | |
|---|---|---|
| CELANESE CORPORATION, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:16-mc-15-M-BN |
| | § | |
| CLARIANT CORPORATION and CLARIANT AG., | § | |
| | § | |
| Defendants. | § | |
| | § | |
| HDI GLOBAL INSURANCE COMPANY, | § | |
| | § | |
| Movant. | § | |

## MEMORANDUM OPINION AND ORDER

Defendant Clariant Corporation ("Defendant" or "Clariant") has filed a Motion to Quash Subpoena Directed to HDI-Gerling American Insurance Company, requesting an order quashing a subpoena (the "Subpoena") that Plaintiff Celanese Corporation ("Plaintiff" or "Celanese") issued to Non-Party HDI-Gerling American Insurance Company, now known as HDI Global Insurance Company ("HDI"), in connection with

-1-

Case No. 3:14-cv-4165-M (the "Lawsuit") seeking documents and a designated representative to testify with regard to twelve topics. *See* No. 3:14-cv-4165-M, Dkt. No. 59 ("Clariant's Motion to Quash"). Clariant asserts that none of the discovery sought by the Subpoena is relevant to Celanese's claims in the Lawsuit.

HDI, Clariant's insurer, separately filed a Motion to Quash Subpoena, seeking to quash the Subpoena pursuant to Federal Rules of Civil Procedure 26(b) and 45. *See* No. 3:16-mc-15-M-BN, Dkt. No. 1 ("HDI's Motion to Quash"). HDI asserts that the Subpoena should be quashed because: (1) Celanese seeks documents and testimony from HDI that are irrelevant and have no nexus to the issues in the Lawsuit; (2) compliance with the subpoena is unduly burdensome on HDI; and (3) Celanese does not have a substantial need for the discovery it seeks from HDI, because most, if not all, of the sought-after documents and information are more readily available from Clariant or are already in the possession of Celanese.

United States District Judge Barbara M.G. Lynn has referred these motions to the undersigned United States magistrate judge for determination. *See* No. 3:14-cv-4165-M, Dkt. No. 61; No. 3:16-mc-15-M-BN, Dkt. No. 14. Plaintiff filed a consolidated responded to the motions, *see* No. 3:14-cv-4165-M, Dkt. No. 70; No. 3:16-mc-15-M-BN, Dkt. No. 16, and Clariant and HDI each filed a reply, *see* No. 3:14-cv-4165-M, Dkt. No. 72; No. 3:16-mc-15-M-BN, Dkt. No. 18.

The Court heard oral argument on the motions on March 14, 2016. *See* No. 3:14-cv-4165-M, Dkt. No. 75; No. 3:16-mc-15-M-BN, Dkt. No. 19.

For the reasons and to the extent explained below, the Court DENIES Clariant's Motion to Quash [No. 3:14-cv-4165-M, Dkt. No. 59] and HDI's Motion to Quash [No. 3:16-mc-15-M-BN, Dkt. No. 1] but modifies the Subpoena.[1]

## Background

This is an indemnity lawsuit. Celanese filed this suit against Clariant AG (since dismissed for lack of personal jurisdiction) and Clariant Corporation seeking to recover settlement and defense costs that it incurred defending five related toxic tort lawsuits filed in New Jersey (the "Courtaulds Cases") and one lawsuit arising out of environmental contamination at a site near Selby, California (the "Selby Site Litigation"). Clariant denies that Celanese is entitled to recover on its indemnity claims for a variety of reasons.

On January 8, 2016, Celanese served the Subpoena on HDI, which insured Clariant under certain policies of liability insurance, seeking documents and a designated representative to testify with regard to twelve topics. One of the topics calls for all policies that HDI issued to Clariant, and the remaining eleven topics are divided between matters pertaining to the Courtaulds Cases and to suits brought against Clariant and Celanese (or its predecessor in interest) regarding a product called "Photoresist" (collectively, the "Photoresist Cases").

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

**Legal Standards**

Pursuant to Federal Rule of Civil Procedure 45, a party may serve a subpoena commanding a nonparty "to whom it is directed to ... produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control." FED. R. CIV. P. 45(a)(1)(A)(iii). Under Federal Rule of Civil Procedure 45(d)(3)(A), "[o]n timely motion, the court for the district where compliance is required must quash or modify a subpoena that (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." FED. R. CIV. P. 45(d)(3)(A). The moving party has the burden of proof. *See Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004); *Williams*, 178 F.R.D. at 109. "Generally, modification of a subpoena is preferable to quashing it outright." *Wiwa*, 392 F.3d at 818.

Where a subpoenaed non-party asserts undue burden, that party "has the burden of proof to demonstrate 'that compliance with the subpoena would be unreasonable and oppressive.'" *Wiwa*, 392 F.3d at 818 (quoting *Williams v. City of Dallas*, 178 F.R.D. 103, 109 (N.D. Tex. 1998)) (internal quotation marks omitted). The non-party opposing discovery must show how the requested discovery was overly broad, burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden. *See S.E.C. v. Brady*, 238 F.R.D. 429, 437-38 (N.D. Tex. 2006); *Merrill v. Waffle House, Inc.*, 227 F.R.D. 475, 477 (N.D. Tex. 2005). "Whether a

burdensome subpoena is reasonable must be determined according to the facts of the case, such as the party's need for the documents and the nature and importance of the litigation." *Wiwa*, 392 F.3d at 818 (internal quotation marks and footnote omitted). "To determine whether the subpoena presents an undue burden, [the Court] consider[s] the following factors: (1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed." *Id.* (footnote omitted). "Further, if the person to whom the document request is made is a non-party, the court may also consider the expense and inconvenience to the non-party." *Id.* (footnote omitted).

"When a subpoena is issued as a discovery device, relevance for purposes of the undue burden test is measured according to the standard of [Federal Rule of Civil Procedure] 26(b)(1)." *Williams*, 178 F.R.D. at 110. Rule 26(b)(1) has been amended, effective December 1, 2015, to provide that, "[u]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." FED. R. CIV. P. 26(b)(1). Under 28 U.S.C. § 2074(a) and an order of the

United States Supreme Court, Rule 26 as amended governs all civil cases commenced after December 1, 2015 and "insofar as just and practicable, all proceedings then pending." http://www.supremecourt.gov/orders/courtorders/frcv15(update)_1823.pdf. The Court finds that applying the standards of Rule 26, as amended, to the Subpoena at issue and the motions to quash is both just and practicable.

Further, for essentially the same reasons that the Court has recently explained, the Court concludes that the amendments to Rule 26 do not alter the burdens discussed above. *See Carr v. State Farm Mutual Automobile Insurance Company*, ___ F.R.D. ___, No. 3:15-cv-1026-M, 2015 WL 8010920, at *3-*10 (N.D. Tex. Dec. 7, 2015).

The Court also "may find that a subpoena presents an undue burden when the subpoena is facially overbroad." *Wiwa*, 392 F.3d at 818 (footnote omitted). Courts have found that a subpoena for documents from a non-party is facially overbroad where the subpoena's document requests "seek all documents concerning the parties to [the underlying] action, regardless of whether those documents relate to that action and regardless of date"; "[t]he requests are not particularized"; and "[t]he period covered by the requests is unlimited." *In re O'Hare*, Misc. A. No. H-11-0539, 2012 WL 1377891, at *2 (S.D. Tex. Apr. 19, 2012); *accord Turnbow v. Life Ptrs., Inc.*, No. 3:11-cv-1030-M, 2013 WL 1632795, at *1 (N.D. Tex. Apr. 16, 2013).

A party, although not in possession or control of the materials sought in a subpoena and not the person to whom the subpoena is directed, has standing to file a motion to quash or modify under Federal Rule of Civil Procedure 45(d)(3) if he has a personal right or privilege in the subject matter of the subpoena or a sufficient interest

in it. *See Ass'n of Am. Physicians & Surgs., Inc. v. Tex. Med. Bd.*, No. 5:07CV191, 2008 WL 2944671, at *1 (E.D. Tex. July 25, 2008).

## Analysis

I.   Clariant's Motion to Quash

   A.   Clariant's standing

As an initial matter, Celanese challenges Clariant's standing to move to quash the Subpoena. The Court finds that Clariant's challenge to a subpoena seeking records from HDI as to insurance policies issued to Clariant and communications between Clariant and its insurer "demonstrate[s] a sufficient interest by [Clariant] in the documents and records that [Celanese's] subpoena requests to generally establish [Clariant's] standing to bring [its] motion." *Chaput v. Griffin*, No. 3:14-mc-131-G-BN, 2014 WL 7150247, at *2 (N.D. Tex. Dec. 16, 2014).

   B.   HDI's records and communications (Topic and RFP Nos. 2-12).

Clariant asserts that HDI's records and communications with Clariant or third parties regarding the Courtaulds Cases or Photoresist Cases are irrelevant to Celanese's claims, which Clariant contends are based on the theory that its defense and settlement costs in the Courtaulds Cases are "assumed liabilities" under the Asset Purchase Agreement ("APA"). Clariant argues that the Subpoena is a fishing expedition designed to elicit parol evidence regarding Clariant's indemnity obligations under the APA; that HDI's communications with Clariant or third parties regarding the Photoresist and Courtaulds Cases are, at most, parol evidence as to the interpretation of the APA; and that, in the absence of any ambiguity, these documents

-7-

and testimony would be not only inadmissible but simply irrelevant. According to Clariant, communications between HDI and third parties are likewise irrelevant, as they evidence, at most, the opinion of non-parties regarding the APA.

At this discovery stage, considering all of the relevant factors under Rule 26(b)(1), the Court finds that the discovery sought through the Subpoena from HDI is relevant to Celanese's claims and proportional to the needs of the case.

The Court cannot predict that the APA will not be interpreted to be ambiguous, regardless of the parties' present positions in that regard. Neither does the Court find a sufficient basis to conclude that, if the APA is found to be ambiguous, that evidence of how Clariant and HDI (including as reflected in communications with third parties) approached indemnification obligations as to an earlier, at least somewhat similar set of cases as well as evidence of HDI's communications and documents regarding the Courtaulds Cases – as to which HDI did not front defense costs under the APA, apparently in contrast to the Photoresist Cases – will not be relevant parol evidence of the parties' intent in the APA.

Celanese has demonstrated that it and Clariant have pursued discovery regarding the Photoresist Cases. Clariant apparently believes that this discovery reveals that evidence regarding the Photoresist Cases does not or cannot support Celanese's claims. But that belief, even if credited, does not make that evidence irrelevant to those claims for purposes of discovery under Rule 26(b)(1). More specifically, Clariant and HDI emphasize the fact that the cost-sharing agreement resolving the disputes in the Photoresist Cases states that the agreement should not

be used as precedent in another action. But that provision only implicates, if anything, the weight that may be given to evidence regarding the resolution of the Photoresist Cases, not whether it is discoverable. And that provision, which pertains to how the Photoresist Cases were ultimately resolved, appears to have little to no bearing on the relevance of evidence regarding HDI's participation in the Photoresist Cases in the first instance, which Celanese contends was undertaken pursuant to the APA.

Further, the time for Celanese to obtain discovery of this potential parol evidence is now, not only after it learns whether the APA will be found to be ambiguous.

    C.    The Photoresist Cases (Topic and RFP Nos. 2, 4, 5, 6, 7, 8, and 11)

Clariant also asserts that, while Celanese has asserted claims for breach of contract, declaratory judgment, and promissory estoppel, evidence regarding the Photoresist Cases are relevant only to the promissory estoppel claim. And Clariant contends that Celanese's promissory estoppel claim is not colorable. Celanese disagrees with both of these positions.

But this argument cannot, by itself, support a quashal order because even if Clariant "presently holds a strong belief in the merits of its litigation positions, its strong belief – whether ultimately justified or not – provides no basis for avoiding [] discovery obligations created by the Federal Rules of Civil Procedure." *Third Pentacle, LLC v. Interactive Life Forms, LLC*, No. 3:10-cv-238, 2012 WL 27473, at *3 (S.D. Ohio Jan. 5, 2012). If Clariant believes that Celanese's promissory estoppel claim fails as a

matter of law, that is properly addressed through a dispositive motion, not a motion to resist discovery.

Rule 26(b)(1) provides that, "[u]nless otherwise limited by court order, ... [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." FED. R. CIV. P. 26(b)(1). Clariant does not argue that discovery relevant to Celanese's promissory estoppel claim is not proportional to the needs of the case or offer any argument or evidence as to the Rule 26(b)(1) proportionality factors. Rather, Clariant argues that Celanese's promissory estoppel claim is meritless as a matter of law and, therefore, the Photoresist Cases have no relevance to this dispute.

In any event, while Rule 26(b)(1) directs the Court to consider the importance of the issues at stake in the action, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit – as the Court has done here – the Court does not understand a Rule 26(b)(1) proportionality analysis to invite or properly entail an assessment of the legal merit of a claim or defense.

The Court declines the invitation to, on motions to quash a subpoena, declare a pending claim to be meritless as a matter of law, no matter how plainly meritless the opposing party believes the claim to be.

D.     Polices issued by HDI (Topic and RFP No. 1)

Clariant also objects that Celanese has asked for all policies issued to Clariant by HDI, which topic is unlimited in scope and time and on its face calls for information and documents that have no relevance to any issue in the lawsuit. At oral argument, Celanese clarified that it only seeks copies of and testimony regarding policies issued between 1998 and 2003 by HDI to Clariant under which coverage was provided as to the Courtauld Cases or the Photoresist Cases.

The Court will order that the Subpoena is modified to require that Topic and RFP No. 1 cover only policies of insurance issued by HDI (including its predecessor) to Clariant that would cover or under which coverage was provided as to the Courtaulds Cases or the Photoresist Cases.

II.     <u>HDI's Motion to Quash</u>

HDI argues that the Subpoena should be quashed because compliance will impose an undue burden on HDI where it seeks documents and testimony that are irrelevant and have no nexus to the issues in the Lawsuit and where Celanese does not have a substantial need for the discovery that it seeks from HDI, because most, if not all, of the sought-after documents and information are more readily available from Clariant or are already in the possession of Celanese.

As to relevance, HDI contends that any documents and/or testimony concerning HDI's conduct and/or communications in connection with the PhotoResist Cases are plainly irrelevant, because the PhotoResist Cases are not even at issue in the Lawsuit, where the PhotoResist Cases were a separate set of claims unrelated to the Courtaulds Cases. And HDI argues that any documents and/or testimony concerning HDI's conduct and/or communications in connection with the Courtaulds Cases are also irrelevant, because Celanese alleges that Clariant is allegedly obligated to indemnify Celanese for the Courtaulds Cases based on the terms of the APA, and not any insurance policy issued by HDI, and where HDI is not a party to the APA, nor was HDI involved in the negotiations of the APA.

The Court rejects these arguments for the reasons explained above.

Further, the Court finds the analysis in *In re National Lloyds Insurance Co.*, 449 S.W.3d 486 (Tex. 2014), to be inapposite here. In that case, the Texas Supreme Court explained that the plaintiff "proposed to compare National Lloyds' evaluation of the damage to her home with National Lloyds' evaluation of the damage to other homes to support her contention that her claims were undervalued" and that "we fail to see how National Lloyds' overpayment, underpayment, or proper payment of the claims of unrelated third parties is probative of its conduct with respect to Erving's undervaluation claims at issue in this case." 449 S.W.3d at 489. That is a significantly different circumstance than Celanese's seeking evidence as to the extent to which Clariant's insurer fronted defense costs or provided coverage pursuant to the APA in one case and not another.

HDI also argues that the requested documents and information are available from more convenient sources, where most, if not all, of the documents and/or information sought by Celanese is either equally available to Celanese itself or is available from Clariant, a party to the Lawsuit. HDI contends that Celanese therefore does not have a substantial need to seek the information from HDI. But Celanese has made clear – and Clariant does not dispute – that Celanese's efforts to obtain the information and documents that it seeks from Clariant has resulted in Celanese's being told that Clariant has provided what it has and that Celanese should ask HDI for answers. On the record before it, the Court does not find that Celanese should be required to further pursue the subpoenaed material and information from Clariant before obtaining it from HDI.

HDI further contends that the Subpoena is overbroad and amounts to a fishing expedition into the files of an adverse party's liability insurer. For the reasons explained above, the Court disagrees and finds the information sought to be relevant to Celanese's claims and proportional to the needs of the case.

Finally, as to the question of burden itself, HDI asserts that requiring HDI to respond to the Subpoena would cause HDI undue burden in the form of employee time and attention looking for, retrieving, and reviewing long closed files as well as burden in the form of vendor costs. HDI has provided some evidence, specifically that it would take "at least 100 hours" of employee time in order to locate and review just the PhotoResist files, prior to any production. At oral argument, Celanese clarified that it sought to narrowly tailor its requests to information that would be contained within

HDI's claims files and permit HDI to limit its search and review to those sources. HDI's counsel responded that that was helpful but would still require review for privilege within those files.

On balance, and considering the relevant *Wiwa* factors, while the Court appreciates that HDI is a third party here, the Court finds that the Subpoena does not subject HDI to undue burden and that Celanese took reasonable steps to avoid imposing undue burden or expense on HDI and has continued to offer to work in good faith to reasonably ease any burden to HDI.

## Conclusion

Accordingly, the Court DENIES Clariant's Motion to Quash [No. 3:14-cv-4165-M, Dkt. No. 59] and HDI's Motion to Quash [No. 3:16-mc-15-M-BN, Dkt. No. 1]. The Court ORDERS that HDI must comply with the Subpoena as modified to the extent and in the manner described above.

The Court further ORDERS counsel for Celanese and counsel for HDI to confer and attempt in good faith to reach an agreement on the deadline for HDI to complete its compliance with the Subpoena as ordered by the Court. Celanese and HDI must file a joint status report by **March 25, 2016** to inform the Court of the agreed deadline or, if agreement cannot be reached, the competing proposed deadlines for the Court's consideration and determination.

Finally, the Court determines that Clariant, HDI, and Celanese will each bear its own costs in connection with Clariant's Motion to Quash and HDI's Motion to Quash.

SO ORDERED.

DATED: March 18, 2016

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE