IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CELANESE CORPORATION, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:14-cv-4165-M |
| | § | |
| CLARIANT CORPORATION and | § | |
| CLARIANT AG, | § | |
| | § | |
| Defendants. | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>[1]

Defendant Clariant Corporation ("Clariant") has filed a Third Motion to Compel and for Sanctions [Dkt. No. 93] (the "Third MTC"), seeking an order (1) requiring Plaintiff Celanese Corporation ("Celanese") to reimburse Clariant for its reasonable and necessary attorneys' fees and expenses incurred in preparing for and taking Thomas Boise's Federal Rule of Civil Procedure 30(b)(6) deposition; (2) prohibiting Celanese from offering any evidence or testimony regarding its alleged damages for the Selby Site Litigation; and (3) overruling Celanese's objections to Request for Production Nos. 18 and 19 and compelling Celanese to produce all responsive documents within five days.

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

Chief Judge Barbara M. G. Lynn has referred the motion to the undersigned United States magistrate judge under 28 U.S.C. § 636(b). *See* Dkt. No. 95.

Celanese responded, *see* Dkt. No. 100, and Clariant filed a reply, *see* Dkt. No. 103.

For the reasons explained below, the Court DENIES Clariant's Third Motion to Compel and for Sanctions [Dkt. No. 93]. *See generally Brown v. Bridges*, No. 3:12-cv-4947-P, 2015 WL 410062, at *1-*4 (N.D. Tex. Jan. 30, 2015) (explaining that, when a district judge refers a motion for sanctions to a magistrate judge, the sanction chosen by the magistrate judge, rather than the sanction sought by the party, governs the determination of whether Federal Rule of Civil Procedure 72(a) or 72(b) applies and that, when the magistrate judge finds that dismissal or another sanction disposing of a claim or defense in unwarranted, the motions should be characterized as non-dispositive and may be ruled on by the magistrate judge); *Merritt v. Int'l Bhd. of Boilermakers*, 649 F.2d 1013, 1016-17 (5th Cir. Unit A 1981) (per curiam) (a magistrate judge has authority to enter a nondispositive order granting attorneys' fees as a sanction under Federal Rule of Civil Procedure 37).

## Legal Standards and Analysis

I.     Request for Sanctions Regarding 30(b)(6) Deposition

Clariant seeks to recover its reasonable and necessary attorneys' fees and expenses incurred in preparing for and taking the Federal Rule of Civil Procedure 30(b)(6) deposition of Thomas Boise, whom Celanese designated to testify about its insurance coverage and damages related to the Courtaulds Suits and Selby Site

Litigation.

According to Clariant, "[s]ince this lawsuit was filed in 2014, Clariant has served written discovery and deposed Celanese's designated corporate representatives attempting to determine, among other things, (1) whether Celanese (and not some third party or insurer) actually paid the money it seeks to recover in this suit, (2) what insurance coverage Celanese had available that covered or potentially covered the Courtaulds Cases and Selby Site Litigation and what amounts, if any, Celanese received from these insurance carriers, and (3) the components of Celanese's damage model (e.g., how much Celanese allegedly incurred on each of the Courtaulds Cases, what the total sum Celanese seeks for the Selby Site Litigation is based upon, etc.)." Dkt. No. 93 at 2. Clariant contends that Boise was so wholly unprepared to testify on the topics of Celanese's insurance coverage and damages related to the Courtaulds Suits and Selby Site Litigation that his deposition constituted a non-appearance and Celanese was forced to tender a second witness on the exact same topics.

The United States Court of Appeals for the Fifth Circuit has explained in this context:

> Rule 30(b)(6) is designed "to avoid the possibility that several officers and managing agents might be deposed in turn, with each disclaiming personal knowledge of facts that are clearly known to persons within the organization and thus to the organization itself." Therefore, the deponent "'must make a conscientious good-faith endeavor to designate the persons having knowledge of the matters sought by [the party noticing the deposition] and to prepare those persons in order that they can answer fully, completely, unevasively, the questions posed ... as to the relevant subject matters.'" "[T]he duty to present and prepare a Rule 30(b)(6) designee goes beyond matters personally known to that designee or to matters in which that designee was personally involved."

The deponent must prepare the designee to the extent matters are reasonably available, whether from documents, past employees, or other sources.

"Obviously it is not literally possible to take the deposition of a corporation; instead, ... the information sought must be obtained from natural persons who can speak for the corporation." Thus, a rule 30(b)(6) designee does not give his personal opinions, but presents the corporation's "position" on the topic. When a corporation produces an employee pursuant to a rule 30(b)(6) notice, it represents that the employee has the authority to speak on behalf of the corporation with respect to the areas within the notice of deposition. This extends not only to facts, but also to subjective beliefs and opinions. If it becomes obvious that the deposition representative designated by the corporation is deficient, the corporation is obligated to provide a substitute.

We agree with BRA that Cajun violated rule 30(b)(6) by failing to prepare Grigsby with respect to issues that although not within his personal knowledge, were within the corporate knowledge of the organization, such as whether BRA had presented a warranty claim to Cajun. At the very least, Cajun could have designated another witness with personal or corporate knowledge of the questions asked.

If the designated "agent is not knowledgeable about relevant facts, and the principal has failed to designate an available, knowledgeable, and readily identifiable witness, then the appearance is, for all practical purposes, no appearance at all." *Resolution Trust* [*Corp. v. S. Union Co., Inc.*, 985 F.2d 196, 197 (5th Cir. 1993).] In *Resolution Trust* we affirmed sanctions against a party that possessed documents that plainly identified a witness as having personal knowledge of the subject of the deposition but did not furnish those documents or designate the witness until after it had designated two other witnesses with no personal knowledge.

*Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 432-34 (5th Cir. 2006) (footnotes and citations omitted).

Federal Rule of Civil Procedure 37(d) provides that "[t]he court where the action is pending may, on motion, order sanctions if: (i) a party or a party's officer, director, or managing agent – or a person designated under Rule 30(b)(6) or 31(a)(4) – fails, after being served with proper notice, to appear for that person's deposition." FED. R. CIV. P.

37(d). "If the designated deponent is not knowledgeable about relevant facts, and the corporation has failed to designate an available, knowledgeable witness then the appearance is essentially no appearance at all, and sanctions may be imposed" under Rule 37(d). *Robinson v. Nexion Health at Terrell, Inc.*, 312 F.R.D. 438, 441 (N.D. Tex. 2014) (citing *Resolution Trust Corp.*, 985 F.2d at 197). Those sanctions can include the attorneys' fees and costs incurred in preparing for and taking a deposition and in preparing and filing a motion for sanctions. *See Resolution Trust Corp.*, 985 F.2d at 197-98; *Robinson*, 312 F.R.D. at 443.

While Clariant asserts in its reply that the issue is not whether Boise had personal knowledge but whether he had any knowledge at all, Clariant's complaints regarding Boise's lack of knowledge and preparedness boil down to complaints about his ability to provide underlying facts and data rather than Celanese's factual and legal positions on the designated topics. But Clariant also acknowledges that – leaving aside for the moment its complaints about Celanese corporate representatives' knowledge about damages regarding the Selby Site Litigation – Celanese later presented a second designated corporate representative, Thomas Phillips, to testify as to the same topics.

After reviewing Boise's testimony and carefully considering Clariant's complaints about it, the Court determines that Boise's Rule 30(b)(6) testimony does not amount to a total non-appearance that – particularly where Celanese already presented a substitute corporate representative – warrants awarding Clariant as a sanction its attorneys' fees and expenses incurred in preparing for and taking the 30(b)(6) deposition of Boise.

Accordingly, the Court DENIES Clariant's Third MTC insofar as it seek such an order.

II.   <u>Request for Order Precluding Celanese from Presenting Evidence</u>

Clariant also seeks an order, apparently under Federal Rule of Civil Procedure 37(b)(2)(A)(ii), precluding Celanese from presenting any evidence of damages regarding the Selby Site Litigation because it has (a) failed to produce any documents showing it or a related entity paid the expenses it seeks to recover for the Selby Site Litigation and (b) tendered two corporate representatives on its alleged Selby Site Litigation damages, neither of whom could offer competent testimony regarding those alleged damages.

Rule 37(b)(2)(A)(ii) provides that, "[i]f a party ... fails to obey an order to provide or permit discovery, including an order under [Federal Rule of Civil Procedure] 26(f), 35, or 37(a), the court where the action is pending may issue further just orders," which "may include ... (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence." FED. R. CIV. P. 37(b)(2)(A)(ii); *see also* FED. R. CIV. P. 37(b)(2)(A)(iii), (v) (providing, as additional possible sanctions, "striking pleadings in whole or in part" and "dismissing the action or proceeding in whole or in part"). Rule 37(b)(2)(C) further requires that, "[i]nstead of or in addition to the orders [described under Rule 37(b)(2)(A)], the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."

F<small>ED</small>. R. C<small>IV</small>. P. 37(b)(2)(C).

Sanctions available under Rule 37(b) are appropriate where there is willful disobedience or gross indifference but not where failure to comply was outside the party's control. *See Dorsey v. Acad. Moving & Storage, Inc.*, 423 F.2d 858, 860 (5th Cir. 1970). "The primary purpose of sanctions is to deter frivolous litigation and abusive tactics." *Topalian v. Ehrman*, 84 F.3d 433, No. 94-20567, 1996 WL 248995, at *4 (5th Cir. Apr.12, 1996). Rule 37(b) "is designed to empower the court to compel production of evidence by the imposition of reasonable sanctions." *Dorsey*, 423 F.2d at 860. "Sanctions under Rule 37 serve the dual function of reimbursing the moving party and deterring the violator of the discovery orders (as well as other potential violators)." *Day v. Allstate Ins. Co.*, 788 F.2d 1110, 1114 (5th Cir. 1986). The sanction imposed must be "the least severe sanction adequate to achieve the desired result." *Scaife v. Associated Air Ctr. Inc.*, 100 F.3d 406, 412 (5th Cir. 1996).

An order is not always a prerequisite to the imposition of Rule 37(b)(2) sanctions, which can be imposed even without an existing motion to compel. *See McLeod, Alexander, Powel & Apfel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990). The United States Court of Appeals for the Fifth Circuit has approvingly cited another court's explanation that, "[i]n general, where a party has received adequate notice that certain discovery proceedings are to occur by a specific date, and that party fails to comply, a court may impose sanctions without a formal motion to compel the discovery from the opposing party." *Id.* (internal quotation marks omitted).

One judge in this circuit has observed that "[p]reclusion of evidence and/or

defenses ... are drastic remedies generally confined to exceptional cases where a party's failure to provide requested discovery results in prejudice to the requesting party." *Better Bags, Inc. v. Ill. Tool Works, Inc.*, 939 F. Supp. 2d 737, 753 (S.D. Tex. 2013). But courts have found sanctions excluding evidence or claims of damages appropriate where, for example, a party instructs its witness to violate a court order. *See Certain Underwriters at Lloyds London v. Corp. Pines Realty Corp.*, 355 F. App'x 778, 780 (5th Cir. 2009).

For its part, "Clariant recognizes that the remedy it is requesting is substantial" but asserts that "litigation and discovery in particular is not intended to be an endless series of take home tests and 'do overs.'" Dkt. No. 93 at 19 n.13. That general proposition is true, but Clariant's motion to preclude evidence and strike Celanese's claims regarding the Selby Site Litigation appears to seek summary judgment or judgment as a matter of law by another name or means.

The only alleged violation of a specific discovery order to which Clariant points is Celanese's allegedly producing documents supporting its damages 9 days later. While, as a general matter, such a delay or late production is not something that the Court condones, it does not merit precluding a claim for damages entirely. And Clariant's other arguments focus on whether Celenase has produced evidence sufficient to support its damages claim. That is the stuff of Federal Rules of Civil Procedure 50 and 56, not Rule 37(b).

In any event, the discovery shortcomings that Clariant alleges do not rise to the level of warranting a sanctions order precluding Celanese entirely from presenting a

claim for damages. If Celanese later attempts to present evidence that should have been produced in discovery, Clariant may be able to move for an order excluding the specific evidence under Rule 37(b)(2) or Federal Rule of Civil Procedure 37(c)(1).

Based on the record presented to date, the Court DENIES Clariant's Third MTC insofar as it seeks an order prohibiting Celanese from offering any evidence or testimony regarding its alleged damages for the Selby Site Litigation and striking Celanese's claims regarding the Selby Site Litigation.

III.   <u>Motion to Compel as to Request for Production Nos. 18 & 19</u>

Clariant also seeks "an order requiring Celanese to produce all of it documents regarding the insurance coverage that was applicable to the Courtaulds Cases and Selby Site Litigation since [Celanese's second designated corporate representative Thomas] Phillips testified about coverage that was not (and still has not been) produced." Dkt. No. 93 at 7. Clariant contends that it "will not be certain that Celanese has produced its responsive documents unless and until the Court overrules Celanese's objections (as set forth in Clariant's Second Motion to Compel) and orders Celanese to produce all of its responsive documents regarding its alleged damages and insurance coverage related to the Courtaulds Cases and Selby Site Litigation or represent it has produced all such documents." *Id.* at 21. More specifically, Clariant seeks an order "overruling Celanese's objections to Request for Production Nos. 18 and 19 and compelling Celanese to produce all responsive documents within five days." *Id.* at 21-22.

Federal Rule of Civil Procedure 37(a) governs motions to compel discovery

responses. Rule 37(a)(3)(B) provides that a party seeking discovery may move for an order compelling production against another party when the latter has failed to produce documents requested under Federal Rule of Civil Procedure 34. *See* FED. R. CIV. P. 37(a)(3)(B)(iv).

The Court has previously ruled that Clariant's previous motion to compel must be granted as to Request for Production Nos. 18, 19, and 22 and ordered that Celanese must produce, to the extent it has not already done so, all documents and electronically stored information that are in its possession, custody, or control and that are responsive to Clariant's Request for Production Nos. 18, 19, and 22 by July 11, 2016.

In its reply in support of its Third MTC, Clariant contends that "Celanese has still not produced communications with its insurers that, according to Phillips, exist" and that, "[i]n the face of Phillips' testimony, Celanese's assertion [in response to the Third MTC] that it has now produced all responsive documents rings hollow." Dkt. No. 103 at 7.

Celanese is already under an order to produce, to the extent it has not already done so, all documents and electronically stored information that are in its possession, custody, or control and that are responsive to Clariant's Request for Production Nos. 18, 19, and 22 – and may face Rule 37(b) and/or Rule 37(c)(1) sanctions for any failure to do so. And Clariant has not otherwise identified any specific discovery requests that are the subject of this motion to compel.

Accordingly, the Court DENIES Clariant's Third MTC as moot insofar as it seeks an order overruling Celanese's objections to Request for Production Nos. 18 and

19 and compelling Celanese to produce all responsive documents within five days.

IV. <u>Request for Federal Rule of Civil Procedure 37(a)(5) Award of Expenses.</u>

Finally, Clariant seeks an award of its reasonable and necessary attorneys' fees in connection with seeking the relief set forth in its Third MTC pursuant to Federal Rules of Civil Procedure 37(a)(5)(A) and 37(b)(2)(C). Considering all of the circumstances here and the Court's rulings above, the parties will ordered to bear their own expenses, including attorneys' fees, in connection with the Third MTC.

The issue of whether to award Clariant its reasonable expenses under Rule 37(a)(5) in connection with its Second Motion to Compel [Dkt. No. 40] remains open pending the additional briefing required by the Court's June 30, 2016 Order Granting Clariant's Second Motion to Compel. *See* Dkt. No. 92 at 7-8.

## Conclusion

For the reasons explained above, the Court DENIES Defendant Clariant Corporation's Third Motion to Compel and for Sanctions [Dkt. No. 93].

SO ORDERED.

DATED: July 28, 2016

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE